**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **LOREN ANDREW KNOWLTON, II**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES LLC, AND SUNSRISE CREDIT SERVICES INC.,**<br><br>**Defendants.** | **CIVIL ACTION NO. 2:26-CV-6473** |

**COMPLAINT**
**PRELIMINARY STATEMENT**

1. This is an action for damages brought by an individual consumer against the Defendants for violations of the Fair Credit Reporting Act (hereafter the "FCRA") 15 U.S.C §§ 1681 *et seq as amended.*

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

4. Plaintiff Loren Andrew Knowlton, II is an adult individual who resides in Mishawaka, IN.

5. Defendant Trans Union, LLC ("Trans Union") is a consumer reporting agency that regularly conducts business in the Eastern District of Pennsylvania, and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

6. Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency that regularly conducts business in the Eastern District of Pennsylvania, and which has a principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626.

7. Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency that regularly conducts business in the Eastern District of Pennsylvania, and which has a principal place of business located at 1500 Peachtree St. NW, Atlanta, GA 30309.

8. Defendant Sunrise Credit Services, Inc. ("Sunrise") is a business entity that regularly conducts business in the Eastern District of Pennsylvania, and which has a principal place of business located at 8 Corporate Ctr Drive, Suite 300, Melville, NY 11747.

## FACTUAL ALLEGATIONS

9. Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (the "inaccurate information") from at least July 2026 through the present.

10. The inaccurate information on Plaintiff's credit reports includes, but is not limited to, a Sunrise collections account with Sunrise with a balance. This debt was originally owed to Comcast (hereafter the "Debt"). The debt does not belong to Plaintiff but belonged to another consumer and therefore should not be reporting on Plaintiff's consumer reports.

11. In or around July 2026, Plaintiff became aware of a collections account being reported by Sunrise on his consumer reports. The collections account listed the original creditor as Comcast.

12. In or around July 2026, Plaintiff began disputing the Debt directly with Defendants Trans Union, Experian, and Equifax.

13. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

14. Defendants Trans Union, Experian, and Equifax have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown. Defendants Trans Union, Experian, and Equifax have repeatedly published and disseminated consumer reports to third parties from at least July 2026 through the present.

15. Plaintiff has disputed the inaccurate information with Defendants Trans Union, Experian, and Equifax by following Defendants Trans Union, Experian, and Equifax's established procedures for disputing consumer credit information.

16. Plaintiff has disputed the inaccurate information with Defendants Trans Union, Experian and Equifax from at least July 2026.

17. Notwithstanding Plaintiff's efforts, Defendants Trans Union, Experian, and Equifax have sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and Defendants Trans Union, Experian, and Equifax continue to publish and disseminate such inaccurate information to other third parties, persons, entities, and credit grantors. Defendants Trans Union, Experian, and Equifax have repeatedly published and disseminated consumer reports to such third parties from at least July 2026 through the present.

18. Despite Plaintiff's efforts, Defendants Trans Union, Experian, and Equifax have never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted all third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; and/or (4) requested or obtained any

credit applications, or other relevant documents from the entities furnishing the inaccurate information.

19. Notwithstanding Plaintiff's disputes, Defendant Sunrise, furnisher of the inaccurate information, has also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, has failed to mark the account as disputed, and has willfully continued to report such inaccurate information to various credit reporting agencies.

20. Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly, and negligently repeatedly failed to perform reasonable investigations/reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to note the disputed status of the inaccurate information, and have continued to report the derogatory inaccurate information about the Plaintiff.

21. Plaintiff's credit reports and file have been obtained from Defendants Trans Union, Experian, and Equifax and have been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving credit offers and opportunities, known and unknown. Plaintiff's credit reports have been obtained from Defendants Trans Union, Experian, and Equifax by such third parties from at least July 2026 through the present.

22. As of result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost loan and credit opportunities, harm to credit reputation and credit score, credit defamation, and emotional distress, including humiliation and embarrassment.

23. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

24. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

**COUNT I – VIOLATIONS OF THE FCRA**
**(Plaintiff v. Trans Union, Experian, and Equifax)**

25. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

26. At all times pertinent hereto, Defendants Trans Union, Experian, and Equifax were “persons” and “consumer reporting agencies” as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

27. At all times pertinent hereto, Plaintiff was a “consumer” as that term is defined by 15 U.S.C. § 1681a(c).

28. At all times pertinent hereto, the above-mentioned credit reports were “consumer reports” as that term is defined by 15 U.S.C. § 1681a(d).

29. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants Trans Union, Experian, and Equifax are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b) and 1681i.

30. The conduct of Defendants Trans Union, Experian, and Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants Trans

Union, Experian, and Equifax are liable to Plaintiff for the full amount of statutory, actual, and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**COUNT II – VIOLATIONS OF THE FCRA**
**(Plaintiff v. Sunrise)**

31. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

32. At all times pertinent hereto Defendant Sunrise was a "person" as that term is defined by 15 U.S.C. § 1681a(b).

33. At all times pertinent hereto Defendant Sunrise was a "furnisher" of credit information as defined by the FCRA.

34. Defendant Sunrise violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

35. Defendant Sunrise's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Defendant Sunrise is liable to compensate Plaintiff for the full amount of statutory, actual, and punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

**COUNT III – SUNRISE**
**VIOLATIONS OF THE FDCPA**

36. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

37. Defendant Sunrise Credit Services, Inc. is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

38. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

39. Any alleged debts at issue arose out of a transaction which was primarily for personal, family, or household purposes.

40. Defendant violated the FDCPA. Defendant's violation includes, but is not limited to, violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8), 1692e(10), 1692f and 1692f(1), as evidenced by the following conduct:

a. Falsely representing the amount, character, or legal status of a debt;

b. Communicating to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed; and

c. Otherwise using false, deceptive, misleading, and unfair or unconscionable means to collect any debt.

41. Defendant's acts as described above were done with intentional, willful, reckless, wanton, and negligent disregard for Plaintiff's rights under the law.

42. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum or Plaintiff's statutory damages, actual damages, and attorney's fees and costs.

## JURY TRIAL DEMAND

43. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be necessary, just, and proper.

Respectfully Submitted,

**FRANCIS MAILMAN SOUMILAS, P.C.**

BY: *_/s/ Mark D. Mailman_*

MARK D. MAILMAN, ESQ.
SIOBHAN E. MCGREAL, ESQ.
1600 Market Street
Suite 2510
Philadelphia, PA 19103
Telephone: (215) 735-8600
Facsimile: (215) 940-8000

Dated: August 30, 2026

***Attorneys for Plaintiff***